IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | |
|---|---|
| ANDREW MURRAY and PETER MURRAY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALTENDORF TRANSPORT, INC. d.b.a. Altendorf Harvesting and JANICE MARIE ALTENDORF, individually,<br><br>Defendants. | Civil No. _____<br><br>**COMPLAINT**<br><br>1. Violation of 29 U.S.C. §§ 201-219<br>2. Violation of N.D.C.C. § 34-06-05<br>3. Violation of 18 U.S.C. § 1589<br>4. Breach of Contract<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs ANDREW MURRAY and PETER MURRAY, on behalf of themselves and all others similarly situated, allege as follows:

### SUMMARY OF ACTION

1. Named Plaintiffs, ANDREW MURRAY and PETER MURRAY, bring this action individually and on behalf of those similarly situated who have been employed as commercial combine operators, grain-cart operators, truck drivers, and equipment mechanics by Defendants ALTENDORF HARVESTING and JANICE MARIE ALTENDORF for violations of federal and state wage and hour laws, state contract law, and state law prohibiting employers from paying employees less than minimum wage and from withholding overtime compensation.

1

## JURISDICTION AND VENUE

2.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, because the controversy arises under "the constitution, laws or treaties of the United States." Specifically, the claim arises under, among other statutes, the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

3.   This Court, similarly, has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2), as the controversy is between "citizens of a State and citizens or subjects of a foreign state."

4.   Venue is proper in the District of North Dakota pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts, events, or omissions giving rise to the action occurred in this District, and Defendants are either public entities, citizens or political subdivisions, and/or departments/divisions or officials thereof located within this District.

## PARTIES

5.   Plaintiffs ANDREW MURRAY and PETER MURRAY ("Plaintiffs") are and were, at all times relevant herein, citizens and residents of South Africa who were working for Defendants under the auspices of H-2A visas.

6.   Defendant ALTENDORF TRANSPORT, INC., d.b.a. Altendorf Harvesting, is a North Dakota corporation with its principal place of business in Minto, North Dakota. At all times relevant to this action, Defendant's employees were engaged in commerce within the meaning of 29 U.S.C. § 207(a) and as defined in 29 U.S.C. §§ 203(d) and 203(f).

7. Plaintiffs are informed and believe and herein allege that Defendant JANICE MARIE ALTENDORF was a principal, agent, or employer that authorized, approved or ratified the conduct alleged herein, and she proximately caused Plaintiffs' injuries and damages. In this capacity, Defendant JANICE MARIE ALTENDORF possessed the power to control Plaintiffs and all others similarly situated during their employment with Altendorf Harvesting and is, therefore, as defined in 29 U.S.C. § 203(d), an "employer" subject to personal liability under the FLSA.

8. At all times relevant to this Complaint, Defendants herein willfully committed, conspired, ordered, directed, supervised, allowed, planned, concealed, organized, or otherwise participated in one or more of the acts alleged.

9. Plaintiffs herein file this action on behalf of themselves and on behalf of other Altendorf Harvesting employees or former Altendorf Harvesting employees who may be similarly situated.

## GENERAL ALLEGATIONS

10. At all relevant times herein, Defendants employed, within the definition of the FLSA and North Dakota law, Plaintiffs and all others similarly situated as commercial custom harvesters.

11. Defendants employed Plaintiffs and all others similarly situated at Altendorf Harvesting based in Minto, North Dakota under relevant documents as required by the United States Department of Labor, including Employment and Training Administration

Forms 750 A & B and Form 790, all of which provide requirements for straight time and overtime compensation when necessary.

12.     Specifically, on or about January 7, 2008, Defendant or Defendant's agent signed a United States Department of Labor "Application for Alien Employment" for 60 unnamed aliens certifying the availability of 40 hours of work a week at a basic rate of $9.55 per hour. As regulated by the Wage and Hour Division of the United States Department of Labor ("DOL"), employers "must pay all covered workers at least the highest of the following applicable wage rates in effect at the time the work is performed: the adverse effect wage rate ("AEWR"), the applicable prevailing wage, the agreed-upon collective bargaining rate, or the Federal or State statutory minimum wage."

13.     Plaintiffs entered into an employment contract with Defendant Altendorf Harvesting, stating Plaintiffs would work 48 hours per week.

14.     Defendants ultimately required Plaintiffs to work 80 to 90 hours per week at a rate below the AEWR of $9.55 per hour.

15.     Throughout their employment with Defendants, Plaintiffs and all others similarly situated have performed activities, performed duties, and spent time that constitutes time worked, for which Defendants were obligated to compensate Plaintiffs and all others similarly situated at their regular, premium, or overtime rate under the FLSA and North Dakota State law.

16.     In contravention of the terms of their contracts and in violation of the FLSA and North Dakota state law, Defendants have failed and/or refused to properly compensate Plaintiffs and all others similarly situated for all hours worked.

17. Defendants suffered or permitted Plaintiffs and all others similarly situated to work uncompensated straight-time and overtime by performing the activities alleged herein.

18. Defendants knew or should have known that Plaintiffs and all others similarly situated were performing their required duties while working for wages below the amount agreed to in the Employment Contract and required by DOL requirements in regard to H2-A visa standards.

19. Defendants knew of, should have known of, or showed reckless disregard for their obligations to properly compensate Plaintiffs and others similarly situated under the FLSA and North Dakota state law.

20. Defendants received the benefit of the work performed by Plaintiffs and all others similarly situated without properly compensating them for such actual hours of work in violation of the FLSA and North Dakota state laws.

21. Defendants violated FLSA since Plaintiffs and all others similarly situated were paid less than the federal minimum wage and denied overtime compensation according to 29 U.S.C. §§ 201-219.

22. Additionally, Defendants are liable for breach of contract because they failed to compensate Plaintiffs and all others similarly situated according to the terms of the employment contract agreed to by Plaintiffs and Defendants.

23. Defendants violated N.D.C.C. § 34-06-05 by paying "[e]mployees for wages which are less than the state minimum wage."

24. Defendants violated the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. § 1581 *et seq.*, by "obtaining the labor or services of" Plaintiffs and/or others similarly situated "by means of serious harm or threats of serious harm" – including financial and reputational harm in the form of threatened termination and a refusal to cover legitimate travel costs – which compelled Plaintiffs and/or others similarly situated "to continue to perform labor or service[,]" thereby giving rise to a civil action against Defendants pursuant to 18 U.S.C. § 1595.

## COLLECTIVE ACTION DESIGNATION AND ALLEGATIONS

25. Plaintiffs bring their claims individually and as a collective action under the FLSA, 29 U.S.C. § 216(b). Named Plaintiffs ANDREW MURRAY and PETER MURRAY bring their First Claim for relief for violation of 29 U.S.C. § 207(a) on behalf of all persons who were, are, or will be employed by Defendants as a custom harvester working under the auspices of H-2A visas, to recover from Defendants compensation earned but unpaid, including overtime compensation, liquidated damages, attorneys fees and costs, and any other recovery authorized under the FLSA, 29 U.S.C. §§ 201-219.

26. Because the claims of the named Plaintiffs are similar to the claims of the FLSA Collective Action Plaintiffs, the First Claim for Relief stated herein for violations of FLSA may be brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by the named Plaintiffs.

27. The named Plaintiffs and FLSA Collective Action Plaintiffs: (a) are similarly situated; (b) have substantially similar job requirements and compensation provisions; (c)

6

are subject to Defendants' common policy and practice of refusing to compensate Altendorf Harvesting employees for all hours worked and wages earned; and, (d) have been deprived of full and proper compensation for all hours worked.

## CLASS ACTION DESIGNATION AND ALLEGATIONS

28.     Plaintiffs bring this action on their own behalf and as a representative party, pursuant to Federal Rules of Civil Procedure, Rule 23(b). Plaintiffs seek class certification of the claims under Rule 23 of the Federal Rules of Civil Procedure for all the reasons previously stated and that will be stated elsewhere in this Complaint.

29.     Plaintiffs are members of the class that consists of all Altendorf Harvesting employees who have been employed by Defendants within the past three (3) years.

30.     Plaintiffs do not know the exact size of the class, since this information is in Defendant's control. However, based on the nature of the Defendants' practice and procedures, the widespread unlawful practices of Defendants, Plaintiffs believe that the class number is at least fifty (50). Joinder of all such persons is impracticable, such that the disposition of their claims in a class action rather than in individual actions will benefit the parties and the Court due to the fact that all class members are foreign nationals.

31.     The class members of this action are ascertainable through objective characteristics and common transactional facts as alleged herein. The class consists of all current, former, and future custom harvesters of Altendorf Harvesting employed by Defendants.

32. Plaintiffs' claims are typical of the claims of the class members, in that Defendants' policy and practice as alleged herein, and the resulting deprivation of Plaintiffs' rights to earned compensation, are common to the class.

33. Plaintiffs are qualified to, and will, fairly and adequately protect the interest of each class member. Plaintiffs have no interest that is adverse to the interests of the other class members.

34. Class action adjudication is superior to other available methods because class action will achieve economies of time, effort, and expense as compared to separate lawsuits, and avoid inconsistent outcomes, because the same issues can be adjudicated in the same manner for the entire class.

35. In adopting and implementing the policies, practices and procedures alleged herein, Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or declaratory relief with respect to the Class as a whole.

36. Public policy considerations support class action adjucation of the claims herein. Courts have long recognized that wage and hour laws concern not only the health and welfare of the workers themselves, but also the public health and general welfare. The North Dakota Legislature's decision to criminalize certain employer violations of the regular and overtime wage laws under N.D.C.C. § 34-06-05 reflects a determination that the conduct affects a broad public interest. A fair number of employers throughout the United States, as well as North Dakota, violate wage and hour laws every day. Employees are often afraid to assert their rights out of fear of direct or indirect retaliation.

Former employees are hesitant to bring actions because they fear their former employers can damage their future endeavors through negative references and other means. Class action provides the class members who are not named in the complaint with a type of anonymity that still allows for the vindication of their rights.

37. In adopting and implementing the policies, practices, and procedures alleged herein, Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or declaratory relief appropriate with respect to the Class as a whole.

## EQUITABLE TOLLING OF STATUTE OF LIMITATIONS

38. Defendants have represented to Plaintiffs and all others similarly situated that the terms of their employment contracts are fair, just, and legal. Plaintiffs and all others similarly situated have reasonably relied on these representations based on the confidence and trust of their employment relationship with Defendants. Despite due diligence in investigating and seeking proper compensation, Plaintiffs and all others similarly situated have been unable to obtain information vital to exposing the right to the claims asserted herein. Plaintiffs' status as foreign nationals and relative unfamiliarity with the laws of the United States further diminish their ability to assert their legal rights against Defendants. Therefore, equitable tolling is justified because Plaintiffs and all others similarly situated were excusably ignorant of the accrual of their claims.

## **FIRST CLAIM FOR RELIEF**

## **WILLFUL VIOLATIONS OF § 207(a) OF**

## **THE FAIR LABOR STANDARDS ACT**

39.     Plaintiffs reassert and reallege paragraphs 1 through 38, inclusive, as if fully set forth herein and incorporate those paragraphs herein by reference.

40.     Defendants have either recklessly or knowingly and intentionally failed to provide Plaintiffs and others similarly situated all earned wages at both straight-time and overtime rates as required by the FLSA.

41.     In conducting themselves in this unlawful manner, Defendants deprived Plaintiffs and other similarly situated employees of their rights, privileges and immunities provided by federal law clearly setting forth that they are entitled to be paid at the rate of time-and-a-half for all overtime hours worked and otherwise at straight-time rates. Defendants knew, or should have known, that their reckless or willful failure to pay overtime to Plaintiffs and others similarly situated violates these rights, privileges, and immunities.

42.     Defendants have either recklessly or knowingly and intentionally failed to compensate Plaintiffs and all other similarly situated persons for wages earned in a particular work period by the regular pay day for the period in which the work ended.

43.     Defendants have delayed or refused payment of overtime and unpaid straight-time wages for a period longer than is reasonably necessary for them to compute and arrange for payments of the amounts due. Defendants knew or should have known that Plaintiffs and all others similarly situated were also working overtime in non-exempt jobs, but did not provide sufficient overtime compensation. Notwithstanding such knowledge,

Defendants have failed to pay Plaintiffs and others similarly situated for overtime hours worked in a timely manner as required under the FLSA.

44. Regardless whether Defendants are aware of the law regarding payment of hours covered by the FLSA, Defendants routinely failed to compensate Plaintiffs and others similarly situated for earned wages in a timely manner.

45. Defendants have deprived Plaintiffs and similarly situated persons of their rights, privileges, and immunities secured to them by federal law which clearly provides that Plaintiffs and all others similarly situated are entitled to be paid for all worked hours, both straight-time and overtime, in a workweek by the regular pay day for the period in which such workweek ends. Defendants knew or should have known that their reckless or knowing and intentional failure and refusal to compensate Plaintiffs and all others similarly situated for all overtime hours they actually worked in a timely manner violates these rights, privileges, and immunities.

46. As a direct and proximate result of Defendants' actions and/or inactions, Plaintiffs and other similarly situated persons have been damaged, and are entitled to compensatory and/or liquidated damages in an amount according to proof including, but not limited to, a sum equivalent to and in addition to their compensation which was not paid or paid late for the years preceding this suit until the conclusion of this present action as required by 29 U.S.C. § 216(b), plus attorney fees and costs and any and all other relief this Court finds just and proper.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF NORTH DAKOTA

## CENTURY CODE §§ 34-06-05 and 34-06-22

47. Plaintiffs reassert and reallege paragraphs 1 through 46, inclusive, as if fully set forth and incorporate those paragraphs herein by reference.

48. Defendants' conduct as alleged herein constitutes a violation of N.D.C.C. § 34-06-05, prohibiting employers from paying employees wages which are less than the state minimum wage.

49. North Dakota law provides for a private right of action to recover wages which are less than the state minimum wage.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION ACT

50. Plaintiffs reassert and reallege paragraphs 1 through 49, inclusive, as if fully set forth and incorporate those paragraphs herein by reference.

51. Defendants violated the TVPA, codified at 18 U.S.C. § 1589, which prohibits "obtaining the labor or services of any person . . . by means of serious harm or threats of serious harm[,]" including financial and reputational harm. This civil action and recovery of damages and reasonable attorneys fees are, therefore, proper under 18 U.S.C. §1595.

52. Specifically, Defendants were required to reimburse Plaintiffs and all others similarly situated for all travel costs following the expiration of the employment contract. Defendants have made a practice of firing, or threatening to fire, employees shortly

before the expiration of their contracts, thereby imposing or threatening to impose thousands of dollars of costs upon Plaintiffs and all others similarly situated.

53. In so doing, Defendants threatened Plaintiffs and/or others similarly situated with serious financial harm, compelling Plaintiffs and/or others similarly situated to continue performing labor or services in order to avoid incurring this harm.

## FOURTH CLAIM FOR RELIEF

## BREACH OF CONTRACT

54. Plaintiffs reassert and reallege paragraphs 1 through 53, inclusive, as if fully set forth and incorporate those paragraphs herein by reference.

55. As stated above, the Employment Contract entered into between Defendant Altendorf Harvesting and Plaintiffs contained provisions dealing with both hour and wage specifications. The Contract states that:

> "HOURS OF WORK: Employee agrees to work 48 hours per week. Employer may request additional hours worked throughout the week.
>
> RATE AND SCHEDULE OF PAY: Employee agrees to submit timesheet daily. Employer agrees to pay $2,300.00 monthly until July 15, 2008. Employer agrees to increase salary to $2,400.00 monthly on July 16, 2008. Employer agrees to pay and additional $100.00 for each month the employer possesses a CDL license. No bonus will be paid. Employer agrees to pay twice monthly accompanied by record of days or hours worked."

56. Plaintiffs and all others similarly situated were not paid for all hours worked in accordance with the terms of the contract and/or were required to work additional hours beyond the 48 hours per week specified in the contract for which they were not properly paid. Plaintiffs and all others similarly situated as employees under the aforementioned

Employment Contracts are entitled to the benefits and protection of North Dakota state law, the FLSA, and all other applicable employment laws.

57. Plaintiffs and all others similarly situated have suffered and continue to suffer substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys fees in seeking to compel Defendants to fully perform its obligations as required by the Employment Contract, by North Dakota state law, and the FLSA, all to the respective damage of Plaintiffs and all others similarly situated in amounts according to proof at the time of trial, but in amounts in excess of the minimum jurisdiction of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs/class members pray for judgment as follows:

### As to the First Claim for Relief for Violation of 29 U.S.C. §§ 207(a):

1. For an order granting Plaintiffs the right to facilitate notice informing other current and former employees of Defendants who are similarly situated of the right to join this action by filing a written consent to become a Plaintiff in this action maintained by the named Plaintiffs under 29 U.S.C. § 216(b).

2. All actual, consequential, liquidated and incidental losses and damages, including unpaid straight-time and overtime compensation according to proof at trial;

3. Such other damages as may be allowed in accordance with 29 U.S.C. § 216(b) according to proof at trial;

4.      Liquidated damages, attorneys fees, and cost pursuant to 29 U.S.C.§ 216(b);

5.      Prejudgment interest; and

6.      Any and all other relief, including equitable relief, as the Court may deem just and proper.

### As to the Second Claim for Relief for Violation of N.D.C.C. §§ 34-06-05:

7.      All general unpaid wages at regular and overtime rates, and such general and special damages as may be appropriate;

8.      Pre-judgment interest at the annual legal rate on any unpaid wages due from the day such amounts were due; and

9.      Any and all other relief, including equitable relief, as the Court may deem just and proper.

### As to the Third Claim for Relief for Violation of 18 U.S.C. § 1589:

10.     Any and all economic losses including, but not limited to, unpaid straight-time and overtime wages;

11.     Any and all non-economic losses; and

12.     Any and all other relief, including equitable relief, as the Court may deem just and proper.

### As to the Fourth Claim for Relief for Breach of Contract:

13.     Any and all actual damages according to proof;

14.     Any and all consequential damages according to proof;

15.     Any and all liquidated damages according to proof;

16. Any and all incidental damages according to proof;

17. All costs and attorney's fees; and

18. Any and all other relief, including equitable relief, as the Court may deem just and proper.

Respectfully submitted this 27th day of October, 2010.

By: /s/Mac Schneider
Mac Schneider
ND ID # 06476
Schneider, Schneider, & Schneider
815 Third Avenue South
Fargo, ND 58103
(701) 235-4481