IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANDREW MURRAY and PETER MURRAY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALTENDORF TRANSPORT, INC. d.b.a. Altendorf Harvesting and JANICE MARIE ALTENDORF, individually,<br><br>Defendants. | Civil No. 2:10cv103<br><br><br><br><br><br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF FLSA CLAIM AND ORDER FACILITATING NOTICE** |

Plaintiffs' ANDREW MURRAY and PETER MURRAY hereby submit this memorandum in support of their motion for conditional certification of this claim as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and for an order facilitating notice of this action to potential class members.

## BACKGROUND

Plaintiffs filed a Complaint against Defendants on October 28, 2010 alleging, *inter alia*, violations of the FLSA for unpaid minimum wages and overtime. On December 1, 2010, Defendants filed an Answer. Pursuant to the Scheduling / Discovery Plan in this case, Defendants made Conditional Certification Disclosures on February 14, 2011 which included the names and addresses of all individuals employed by Defendants under the H2-A visa program from January 1, 2008 through the present. See Ex. C. On March 25, 2011, attorneys for Plaintiff and Defendants agreed upon the form that notice of this suit should take (see Ex. A) and

1

stipulated to method in which notice should be distributed. See Ex. B. Plaintiff now seeks conditional certification of this claim as a collective action under the FLSA and moves this Court to order that class members be provided with notice of this claim.

## SUMMARY OF ARGUMENT

Conditional certification of this claim as a collective action under the FLSA is proper. Given that all class members are individuals who were employed by Defendants as custom harvesters under the H-2A visa program from January 1, 2008 through the present, these individuals are similarly situated for purposes of conditional certification under the FLSA. Plaintiffs have therefore more than satisfied the minimal standard necessary to warrant conditional certification. This Court should authorize that notice of this suit be sent to all class members in the form and manner stipulated to by counsel for Plaintiffs and Defendants.

## LAW AND ARGUMENT

Respectfully, this Court should grant conditional certification for the purpose of facilitating notice of this FLSA collective action to the employees of Defendants' custom harvesting operation.

A. <u>Plaintiffs have satisfied the preliminary and minimal showing needed to establish conditional certification of a collective action under the FLSA.</u>

Plaintiffs easily meet the preliminary showing that class members be similarly situated for conditional certification and notice purposes.

Employees may bring an action to remedy violations of the Fair Labor Standards Act on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "an individual may become a party plaintiff in [such] a collective action only if he files with the court his 'consent in writing[.]'" <u>Hoffman-La Roche, Inc. v. Sperling</u>, 493 U.S. 165 (1989)

2

(quoting 29 U.S.C. § 216(b)). A plaintiff may, as here, seek "conditional certification" so that notices of a collective action are sent "to all employees who might be eligible to opt in." Dernovish v. AT&T Operations, Inc., 2010 WL 143692, *1 (W.D.Mo. 2010).

While "[t]he Eighth Circuit has not adopted a particular standard for evaluating" FLSA claims brought on behalf of similarly situated employees, "a majority of the courts in the circuit have used the analysis adopted by the Fifth Circuit." Id. This method for analysis involves a "'two-step process[]'" whereby "'the plaintiff first moves for class certification for notice purposes . . . the Court conditionally certifies the class, [and then] potential class members are given notice and the opportunity to opt-in.'" Id. (quoting Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007). Importantly, "[b]ecause the decision at [the conditional certification] stage is made with limited information and is conditional in nature, the **plaintiff's burden is not onerous.**" Id. (emphasis added).

As in Dernovish, the class members in this case "are similar in important respects and subjected to similar policies or circumstances." Id. See also Young . Cerner Corp., 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007). Specifically, they are "all individuals employed by Defendants under the H2-A visa program from January 1, 2008 through the present." See Ex. C. These facts alone are sufficient to satisfy the "preliminary and minimal showing" that is necessary at the conditional certification stage. Dernovish, 2010 WL 143692 at *1. Conditional certification of this FLSA claim is therefore proper.

B. The form and method of distributing notice of this collective action has been agreed to by counsel for Plaintiffs and Defendants and is appropriate under the FLSA.

The proposed notice and also the method of notice distribution have been agreed to by counsel, are compliant with the FLSA, and should respectfully be adopted by this Court.

"Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated . . . grant[s] the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands of the provisions of the Federal Rules of Civil Procedure." Hoffmann-La Roche Inc., 493 U.S. at 170.

Here, the Court is able to exercise this authority to sensibly manage the process of joining multiple parties under this FLSA collective action by adopting the notice and method of distribution mutually agreed to by both Plaintiffs and Defendants in this case. See Exs. A and B.

## CONCLUSION

Conditional certification of this claim as a collective action should be granted as expeditiously as possible given the impact that delay would have on class members' substantive rights to recover minimum wages and overtime owed to them under the FLSA.

Respectfully submitted this 31st day of March, 2011.

By: /s/ Mac Schneider
Mac Schneider
ND ID # 06476
Schneider, Schneider, & Schneider
815 Third Avenue South
Fargo, ND 58103
(701) 235-4481

/s/ Alvin Boucher
Alvin O. Boucher
Robert Vogel Law Office, P.C.
200 1st Ave. N, Ste. 30
P.O. Box 5576
Grand Forks, ND 58206-5576
(701) 775-3117

4